UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

IN RE:
CAVALIER PHARMACY, INC.   :   Chapter 11
                          :   Case No.: 23-70004
        Debtor.           :

## APPLICATION OF THE DEBTOR PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO EMPLOY FARTHING LEGAL, PC AS ATTORNEY FOR THE DEBTOR

Cavalier Pharmacy, Inc., the Debtor, respectfully represents:

### Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

3. On January 4, 2023 (the commencement Date") the Debtor commenced a case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate and manage its properties as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

### Relief Requested

4. Pursuant to Section 327(a) of the Bankruptcy Code, the Debtor, as Debtor in Possession, requests that the Court approve the retention of Farthing

Legal, PC ("Farthing Legal"), as the Debtor's attorney, under a general retainer, to perform the extensive legal services that will be necessary during its Chapter 11 case in accordance with Farthing Legal's normal hourly rates and disbursement policies.

6. The Debtor has selected Farthing Legal as its attorney because of the firm's knowledge of the Debtor's business and financial affairs and the firm's extensive general experience and knowledge, and in particular, its recognized expertise in the field of Debtor's protections and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code.

7. The Debtor believes that Farthing Legal is both well qualified and able to represent it in this Chapter 11 case in a most efficient and timely manner.

8. The employment of Farthing Legal under a general retainer is appropriate and necessary to enable the Debtor to execute faithfully its duties as Debtor and Debtor in Possession and to implement the restructuring and reorganization of the Debtor.

9. Subject to further Order of this Court, it is proposed that Farthing Legal be employed to:

    a. take all necessary action to protect and preserve the estate of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved and the preparation and objections to claims filed against the Debtor's estate;

    b. prepare on behalf of the Debtor, as Debtor in Possession, all

necessary motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtor's estate;

   c. negotiate and prepare, on behalf of the Debtor, a plan of reorganization and all related documents; and

   d. perform all other necessary legal services in connection with the prosecution of this Chapter 11 case.

 10. It is necessary for the Debtor to employ an attorney under a general retainer to render the foregoing professional services.

 11. Farthing Legal has stated its desire and willingness to act in this case and render the necessary professional services as attorneys for the Debtor. To the best of the Debtor's knowledge, neither the owner, any of counsel attorneys nor any associates of Farthing Legal have any connection with or any interest adverse to the Debtor, its creditors or any other party in interest, or its respective attorneys and accountants, except as may be set forth in the declaration of Scot S. Farthing, the President of Farthing Legal (the "Declaration"), annexed hereto as <u>Exhibit A</u>. Further, the Debtor and Farthing Legal have executed an engagement letter or advance fee agreement, a copy of which is attached hereto as <u>Exhibit B</u>.

 12. Prior to the commencement of this case, The Applicant, provided the firm with a fee advance for this case in the amount of $12,000.00, paid by the Debtor. From that fee advance, the filing fee of $1,738.00 and the $10.00 incoming wire fee was withdrawn. Farthing Legal withdrew the sum of $3,460.00 for services rendered pre-petition, and then placed the balance of the retainer funds, $6792.00, in the trust account of Farthing Legal. If requested, a detailed statement

of pre-petition services will be provided. All of the remaining funds have been retained in the firm's trust account, pending further order of the bankruptcy court, and will be paid at the direction of the Court. The remaining funds are being held in the firm's Trust Account for services to be performed in the preparation and administration of this Chapter 11 case.

13.   The Debtor understands that Farthing Legal hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code (or as otherwise allowed by order of this Court), the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Western District of Virginia, for all services performed and expenses incurred after the Commencement Date.

14.   Therefore, the Debtor and Farthing Legal have agreed that Farthing Legal shall be paid its customary hourly rate for services rendered that are in effect from time to time, as set forth in the engagement letter (Exhibit B), and shall be reimbursed according to Farthing Legal's customary reimbursement policies.

15.   No Trustee, examiner or creditors' committee has been appointed in the Debtor's Chapter 11 case.

WHEREFORE, the Debtor respectfully requests entry of an order granting the relief requested herein, and granting the Debtor such other and further relief as is just.

Dated: __1-4-23__

                                            CAVALIER PHARMACY, INC.

                                    By: /s/ *Rick Mullins, President*
                                            Rick Mullins, President